**STATE of Missouri, ex rel. Robert P. McCULLOCH, Relator,**

v.

**The Honorable Martin SCHIFF, Jr., Circuit Court, St. Louis County, Twenty-First Judicial Circuit, Division 8, Respondent.**

No. 63517.

Missouri Court of Appeals, Eastern District, Division Two.

April 27, 1993.

Robert P. McCulloch, Pros. Atty., Joan L. Moriarty, Asst. Pros. Atty., St. Louis County, Clayton, for relator.

Phillip A. Kramer, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Relator, Robert P. McCulloch, the duly elected prosecuting attorney of St. Louis County, seeks a writ of prohibition against Respondent, The Honorable Martin Schiff, Jr., in the underlying criminal case of *State v. Schuler*. At issue is whether Respon-dent has jurisdiction to place defendant, Paul J. Schuler, on probation after a conviction for armed criminal action. § 571.-015.1, RSMo (1986). On March 3, 1993, we issued our preliminary order in prohibition. We now make the preliminary order in prohibition absolute.

The facts presented to this court are undisputed. Defendant was charged by information with Count I, Assault in the Second Degree, § 565.060, RSMo (1986), and with Count II, Armed Criminal Action, § 571.015.1. After a jury waived trial, defendant was found guilty on both counts. Respondent denied defendant's motion for new trial on the assault conviction, but sustained the motion on the armed criminal action conviction. Respondent sentenced defendant to imprisonment for five years on the assault conviction. Thereafter, Respondent released defendant on probation on the assault conviction pursuant to § 559.115, RSMo (Cum.Supp.1992). Respondent suspended execution of sentence and placed defendant on probation for five years.

The State appealed the trial court's grant of the motion for new trial on the armed criminal action charge; defendant appealed from the judgment of conviction and sentence on the assault charge. The judgment of conviction on the assault count was affirmed. The order granting a new trial on the armed criminal action conviction was reversed and the cause was remanded for sentencing. *State v. Schuler*, 838 S.W.2d 19 (Mo.App.1992).

On February 19, 1993, defendant appeared for sentencing on the armed criminal action conviction pursuant to the mandate of this court. At that time, Respondent announced his intention to sentence defendant to imprisonment for three years to run concurrent with the sentence on the assault conviction, and to suspend execution of the sentence and, pursuant to § 559.115, place defendant on probation on the armed criminal action conviction, giving defendant credit for time served on the assault conviction.

Relator objected to the proposed sentencing by Respondent and was granted time to

file an application for writ of prohibition to this court. On Relator's application, this court issued its preliminary order in prohibition.

Initially, we address the procedural questions raised by Respondent. Respondent contends that prohibition does not lie because of the executory nature of his order and because, even if the order were executed, the State would have the right to appeal.

■■■ We first consider Respondent's argument that there is nothing for this court to review because Respondent never acted, but merely expressed his intent to place defendant on probation. Prohibition is an independent proceeding to prevent judicial proceedings that lack jurisdiction. *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). A basic purpose of prohibition is to confine an inferior court to its proper jurisdiction. *State ex rel. Amato v. Clifford*, 689 S.W.2d 78, 81 (Mo. App.1985). Because it is preventive in nature, the writ will issue to restrain the commission of a future act. *Id.*

Respondent cites to *State ex rel. Westfall v. Gerhard*, 642 S.W.2d 679 (Mo.App. 1982) for the proposition that prohibition does not lie to correct anticipated judicial errors. In *Westfall*, defendant was charged with stealing over $150.00 by deceit. He filed a motion *in limine* requesting the court to exclude evidence of telephone conversations between the victim and an unidentified caller. The court entered an order stating its intent to sustain defendant's motion. This court held that a writ of prohibition was inappropriate because the court's ruling on the motion *in limine* was interlocutory and the trial court should have the opportunity to determine the admissibility of the evidence at trial.

■■■ *Westfall* is inapposite. In *Westfall*, the trial judge was acting within his jurisdiction in ruling on the admissibility of

evidence. The fact that the ruling might have an adverse effect on the prosecutor's case was not material. Certainly, most evidentiary rulings adversely affect some party to the litigation. It is not the function of an appellate court to issue advisory opinions on proposed evidentiary rulings. *Westfall*, 642 S.W.2d at 681.

■■■ In the instant case, the record is clear that Respondent intends to sentence defendant in accordance with his proposed order. At issue is whether he has jurisdiction to proceed in the manner suggested by him. Prevention of an act in excess of a trial court's jurisdiction is a proper function of prohibition. *State ex rel. Dally v. Elliston*, 811 S.W.2d 371, 373 (Mo. banc 1991). Under the circumstances, a writ of prohibition is the appropriate remedy for Relator to seek.

Respondent next contends that prohibition will not lie because the State has the right to appeal under § 547.200.2, RSMo (1986) from the sentence which Respondent might impose.[1]

■■■ Prohibition will not lie wherein *adequate* relief can be afforded by an appeal. Rule 84.22. What constitutes adequate relief is addressed to the discretion of an appellate court and prohibition will lie when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action. *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). An action in excess of trial court jurisdiction is such an act. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990).

■■■ In addition, the right to appeal is purely statutory. *State v. Murphy*, 626 S.W.2d 649, 650 (Mo.App.1981). Although Respondent contends the State would have a right to appeal, he cites no case law to support his position. Independent research fails to disclose any instance in which the

---

1. Section 547.200.2, RSMo (1986) provides as follows:

The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.-

210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals.

State was permitted to appeal from a sentencing. The State's right to relief by way of appeal is, at best, doubtful. Based upon the foregoing, we deny Respondent's procedural challenges to Relator's application for a writ and proceed to the substantive merits of this writ application.

Respondent's order of February 19, 1993, provided in pertinent part:

> The Court herein addresses the parties and announces his intention with regard to sentencing the defendant, to wit, that the defendant will be sentenced to serve a term of 3 years on the charge of Armed Criminal Action to run concurrent with the term previously imposed in Count I: Assault 2nd where this Court sentenced the defendant to serve a term of 5 years (five) on July 26, 1991. The Court recalled the defendant pursuant to § 559.115(2) and released the defendant on probation for a period of 5 years (five). The Court informs the parties that he intends to release the defendant on Count II pursuant to § 559.115(2) and gives the defendant credit for time served on Count I and place[s] the defendant on probation on Count II to run concurrent with Count I.

■ Conceptually, it is important to note that the power of a judge to grant probation is dependent upon statutory authorization. *State ex rel. Hughes v. Kramer,* 702 S.W.2d 517, 519–520 (Mo.App.1985).

> Thus, in the absence of legislative authorization, a court may no more refuse to punish one found guilty of a crime than it can punish for conduct not legislatively defined as criminal.... It is a legislative prerogative to create the power of judicial clemency in the form of probation or to deny such power as in the case of ... Armed Criminal Action....

*Id.*

■ The Armed Criminal Action statute specifically provides, "No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years." § 517.015.1. Thus, the statute prohibits any form of judicial clemency.

■ The parties have addressed the applicability of the statutes relating to the grant of probation. Sections 559.100, 559.115, RSMo (Cum.Supp.1992). Despite the clear mandate of the Armed Criminal Action statute, §§ 559.100 and 559.115 deal specifically with the grant of probation. Section 559.100, which addresses the power to grant probation to a defendant at the time of sentencing, specifically prohibits the grant of probation or parole to a defendant convicted of armed criminal action under § 571.015.1. Section 559.115.4 addresses the power to grant probation to a defendant anytime up to one-hundred-twenty days after his delivery to the department of corrections. It provides: "Notwithstanding any other provision of law, probation may not be granted pursuant to this section to defendants who have been convicted of murder in the second degree pursuant to section 565.021, RSMo; or *any offense in which there exists a statutory prohibition against either probation or parole.*" (emphasis added).

■ Section 217.775, RSMo (1986), the predecessor statute to § 559.115, was in effect at the time defendant committed the crime of armed criminal action. That statute did not contain the underlined phrase which is new language contained in the present statute. Respondent argues that because the phrase was omitted from the earlier statute, he has statutory authority to place defendant on probation. We disagree.

The phrase that was added to the present statute is simply a reiteration and clarification of the existing law. The Armed Criminal Action statute is clear on its face that a person convicted under that statute is not eligible for parole or probation for a period of three years. Sections 559.100 and 559.115 simply restate the legislative intent to deny probation or parole where there is a prohibition against either in another statute. In terms of the Armed Criminal Action statute, §§ 559.100 and 559.115 are redundant. Clearly, there is no indication of a legislative intent to override the Armed Criminal Action statute.

We make our preliminary order in prohibition absolute. Respondent is ordered to proceed with the sentencing of defendant in a manner consistent with this opinion within ten days of the date of our mandate.

PUDLOWSKI and CRAHAN, JJ., concur.