**STATE of Missouri ex rel. Darrell L. MOORE, Prosecuting Attorney of Greene County, Missouri, Relator,**

v.

**The Honorable J. Miles SWEENEY, Circuit Judge, Circuit Court of Greene County, Missouri, Respondent.**

No. 23753.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 2000.

Todd Myers, Asst. Pros. Atty., Springfield, for relator.

Dee Wampler, Thomas D. Carver, Springfield, for respondent.

CROW, Judge.

In this original proceeding in prohibition, Relator asks this court to bar Respondent from reducing the twelve-year prison sentence of Troy Gracey ("Inmate"). Respondent, relying on § 558.046, RSMo 1994, told Relator and Inmate's lawyer July 7, 2000, that Respondent would order Inmate's sentence reduced to six years.

Relator immediately commenced this proceeding. This court issued an order commanding Respondent not to proceed with the sentence reduction until further order of this court. Thereafter, this court issued a preliminary order in prohibition. Respondent filed an answer to Relator's petition, and the parties subsequently filed briefs. Those filings establish the following facts.

On November 18, 1998, Inmate appeared with counsel before Respondent and pled guilty to robbery in the second degree, a class B felony. § 569.030, RSMo 1994. The information alleged Inmate forcibly stole sundry items of personal property from one Gandalf Sidio.

Asked by Respondent to recite facts justifying Inmate's plea, the prosecutor said:

"[O]n July 16th of 1998, the victim in this case, Gandolf [sic] Sidio, had some people over to his home for an after-bars party. . . .

The defendant and three others were part of a group that showed up to this party. Once the party ended and everyone left, the defendant and his three companions came back a little bit later and knocked on the victim's door. Mr. Sidio let them in and once the group got inside, the victim noticed that one of the group had a baseball bat.

The defendant told Mr. Sidio to get down on the floor, which he did. He then struck Mr. Sidio with the baseball bat in the leg.

He was hog-tied with a stereo wire and a couch was placed on top of him. While he was confined, the defendant and others took various items. . . .

Once the victim was able to get free, he called the police. The defendant was apprehended a couple days later and did admit to his participation in the crime."

Inmate's lawyer did not dispute the prosecutor's narrative. Upon inquiry by Respondent, Inmate's lawyer conceded the State "could make a submissible case."

The transcript of the guilty plea proceeding contains this colloquy:

"THE COURT: Are you pleading guilty because you are in fact guilty and you did participate in this event that the prosecutor just told me about?

THE DEFENDANT: Yes, sir."

At the conclusion of the guilty plea proceeding, Respondent accepted Inmate's plea of guilty and scheduled sentencing for January 22, 1999.

Inmate, his lawyer, and the prosecutor reappeared before Respondent on the appointed date. After comments by the prosecutor and Inmate's lawyer, Respondent sentenced Inmate to twelve years in the Department of Corrections. After pronouncing sentence, Respondent said:

"I will encourage you to one other possibility. Since [your lawyer] says that your behavior in the course of this was related to substance abuse, I do know of a provision in the Department of Corrections where that if ... your conviction is related to substance abuse, if you do participate in substance abuse programs while you're within the Department of Corrections, there is some statutory authority for you to then ask the Court to consider some reduction in your sentence based on your participation in substance abuse programs in the Department of Corrections.

I can't say today that I would necessarily grant such a request, but I have seen requests like that and I think that that's an incentive for people to deal with that kind of problem because it does give you some opportunity to seek some reduction in your sentence because of that."

For convenience, the above-quoted remarks are henceforth referred to as "Respondent's sentencing comments."

On June 19, 2000, Inmate, by counsel, filed a "Motion for Reduction of Sentence."[1] The motion averred, *inter alia,* that Inmate "was not convicted of a crime that involved violence or the threat of violence." The motion prayed Respondent to reduce Inmate's sentence pursuant to § 558.046, RSMo 1994, which reads:

"The sentencing court may, upon petition, reduce any term of sentence ...

pronounced by the court ... if the court determines that:

(1) The convicted person was:

(a) Convicted of a crime that did not involve violence or the threat of violence; and

(b) Convicted of a crime that involved alcohol or illegal drugs; and

(2) Since the commission of such crime, the convicted person has successfully completed a detoxification and rehabilitation program; and

(3) The convicted person is not:

(a) A prior offender, a persistent offender, a dangerous offender or a persistent misdemeanor offender as defined by section 558.016; or

(b) A persistent sexual offender as defined in section 558.018; or

(c) A prior offender, a persistent offender or a class X offender as defined in section 558.019."

The prosecutor and Inmate's lawyer appeared before Respondent July 7, 2000, and argued Inmate's motion. As reported in the first paragraph of this opinion, Respondent announced he would reduce Inmate's sentence to six years.

The first of Relator's two points relied on[2] reads:

"Relator is entitled to an order prohibiting Respondent from reducing the sentence of [Inmate], because Respondent's actions were outside the jurisdictional authority conferred upon the sentencing court, in that the sentencing court only retains jurisdiction to reduce a sentence if the statutory requirements of section 558.046, RSMo, are satisfied and [Inmate] does not satisfy these requirements because he was convicted of a crime that involved violence or the threat of violence."

Respondent's brief[3] maintains this court should not bar Respondent from re-

---

**1.** The motion was filed by a different lawyer than the one who represented Inmate at his guilty plea and sentencing.

**2.** Rule 84.04(d)(3), Missouri Rules of Civil Procedure (2000), sets forth the requirements

for a point relied on in an "original writ proceeding."

**3.** Respondent's brief was authored by Inmate's present lawyers.

ducing Inmate's sentence because "the State waived its objection to the employment of section 558.046 ... at the time of ·sentencing." Respondent asserts, and the transcript confirms, that the prosecutor registered no objection to Respondent's sentencing comments (quoted *supra*). Seizing upon the prosecutor's silence, Respondent proclaims, "It is well settled in Missouri that when an objection is not made by a party to evidentiary and procedural matters, the party ... cannot later claim error." Respondent cites a number of cases in an effort to support that proposition.

The flaw in Respondent's position is that the cases on which he relies involve incidents where a party remained silent when a trial court allegedly erred and the error thereafter arguably affected the course of the case, to the prejudice of the mute party.

■ Here, Respondent's sentencing comments did not affect Inmate's sentence and did not address any issue then before Respondent. The possibility of a sentence reduction was not part of the plea agreement on which Inmate relied in entering his guilty plea.[4] Respondent sentenced Inmate in accordance with the agreement, and Respondent's sentencing comments did not alter that sentence.

This court therefore holds the State did not waive its objection to Respondent's attempt—six months after assessing Inmate's twelve-year sentence—to reduce it to six years.

That brings this court to Relator's contention that Inmate is ineligible for a sentence reduction under § 558.046 because he was convicted of a crime involving violence or the threat of violence. As we have seen, one of the requirements for a sentence reduction under that statute is that the convicted person be convicted of "a crime that did not involve violence or the threat of violence." § 558.046(1)(a), RSMo 1994.

Respondent points out that § 558.046 does not define "a crime that did not involve violence or the threat of violence." Therefore, argues Respondent, this court has "no guidance to determine who fits within [the] statute's meaning." Accordingly, insists Respondent, § 558.046 should be strictly construed against the State, as it is a penal statute.

■ This court rejects Respondent's notion that § 558.046 is a penal statute. In Black's Law Dictionary 1421 (7th Ed., West Group 1999), a penal statute is defined as "[a] law that defines an offense and prescribes its corresponding fine, penalty, or punishment."

Section 558.046 defines no offense and prescribes no fine, penalty, or punishment. Instead, it confers authority on a sentencing court to reduce a sentence pronounced by that court if the convicted person satisfies certain criteria. Apparently, the purpose of vesting a sentencing court with such authority is to allow the court to reduce a sentence imposed for a non-violent crime involving alcohol or illegal drugs if the offender meets the statute's rehabilitation requirements and is not a recidivist.

Although § 558.046 supplies no definition of "a crime that did not involve violence or the threat violence," § 569.030, RSMo 1994, provides a starting place for this court's adjudication of Relator's first point. Section 569.030 states a person commits robbery in the second degree "when he forcibly steals property." The

---

4. Inmate was originally charged with robbery in the first degree. The agreement was that the State would (1) reduce the charge to robbery in the second degree, (2) recommend Inmate receive a twelve-year sentence, to run concurrently with "any existing sentences," and (3) oppose probation. During the sentencing proceeding, Inmate's lawyer asked Respondent to consider placing Inmate on probation, but no one mentioned the possibility of a sentence reduction under § 558.046 until Respondent did so in Respondent's sentencing comments. As noted earlier, that occurred after Respondent pronounced sentence.

meaning of "forcibly steals" is found in § 569.010(1), RSMo 1994. It reads:

" 'Forcibly steals', a person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property . . . [.]"

The definition of physical force in Black's Law Dictionary, *supra,* is the same as the definition of actual force: "Force consisting in a physical act, esp. a violent act directed against a robbery victim." *Id.* at 656.

█ This court therefore concludes § 558.046(1)(a), in referring to "a crime that did not involve violence or the threat of violence," is referring, *inter alia,* to a crime that did not involve the use of physical force or the threat of physical force against the victim (or someone else).

█ The record before this court establishes Inmate used physical force against the victim for the purpose of preventing the victim from resisting the taking of his property. Striking someone on the leg with a baseball bat is an act of physical force, i.e., violence, as is hog-tying someone with wire and placing a couch atop him. To claim otherwise borders on frivolity.

This court therefore holds Inmate is ineligible for a sentence reduction in that he does not meet the requirement of § 558.046(1)(a), RSMo 1994, as he cannot demonstrate the crime of which he was convicted was "a crime that did not involve violence or the threat of violence." It follows that § 558.046 confers no authority on Respondent to reduce Inmate's sentence.

In *State ex rel. McCulloch v. Schiff,* 852 S.W.2d 392 (Mo.App. E.D.1993), a judge announced he intended to grant probation to a defendant convicted of armed criminal action. *Id.* at 393. The statute defining the crime provided that no one convicted of it would be eligible for probation for three years. *Id.* at 395. Upon petition by the prosecutor, the appellate court barred the judge from granting probation and commanded the judge to impose sentence in compliance with the statute. *Id.* at 396.

The instant case is similar to *McCulloch* in that Respondent intends to take action affecting Inmate's sentence but possesses no authority for the intended action. Consistent with *McCulloch,* this court holds Relator is entitled to a peremptory writ in prohibition barring Respondent from his intended, unauthorized action.[5]

### Order

Pursuant to Rule 84.24(*l*), Missouri Rules of Civil Procedure (2000), this court orders that a peremptory writ in prohibition be issued commanding Respondent to desist from any action purporting to reduce Inmate's sentence and to vacate any order or amended judgment issued by Respondent purporting to reduce Inmate's sentence.

PREWITT and GARRISON, JJ., concur.

---

**5.** That holding makes it unnecessary for this court to consider Relator's second point, which maintains Inmate is ineligible for a sentence reduction "because he is a prior and persistent offender."