

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| DEREK MASTERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD78232** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 6, 2015** |
| GEORGE LOMBARDI, DIRECTOR, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge**

**Before Division Three:** Karen King Mitchell, Presiding Judge,
and Lisa White Hardwick and Anthony Rex Gabbert, Judges

Derek Masters appeals the trial court's grant of the Department of Corrections's motion for judgment on the pleadings on his petition for declaratory judgment. Masters sought a declaration that he was entitled to a sentence under § 559.115[1] (120-day shock incarceration, recommended by the court) and that the Department misinterpreted the statute in determining that Masters was ineligible for the sentence. We reverse the court's grant of the Department's motion and remand for further proceedings consistent with this opinion.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

## Background

On October 4, 2010, Masters pled guilty to one count of the class A felony of first-degree assault. The trial court sentenced him to ten years' imprisonment, but suspended execution of the sentence and placed Masters on probation for five years. Masters subsequently violated a term of his probation, and the court revoked his probation on April 1, 2013. In revoking Masters's probation and ordering his previously imposed sentence executed, the court indicated its intent that Masters be sentenced to 120 days of shock incarceration, pursuant to § 559.115.3, and ordered the Department to provide a report and recommendation as to whether probation should be granted thirty days before the release date.

On May 17, 2013, the Department issued a memorandum, advising district administrators that the Department had updated its policy position with respect to eligibility of certain offenders for probationary release under § 559.115. Based upon the updated policy position, Masters was no longer eligible for probation consideration under the 120-day shock incarceration program because his conviction of first-degree assault constituted a dangerous felony, which rendered Masters ineligible for parole under § 558.019 until he had served a minimum of 85% of his ten-year sentence.

On December 12, 2013, Masters filed a petition for a writ of mandamus, seeking to compel the Department to comply with the sentencing court's order that it issue a report and recommendation as to whether Masters should be released on probation under § 559.115. Thereafter, upon consent of the parties, the court chose to construe Masters's petition as one for declaratory judgment, rather than for a writ of mandamus.[2] The Department filed a motion for judgment on the pleadings, arguing that Masters was not entitled to probation under § 559.115 because his conviction of a dangerous felony made him ineligible for parole until he had served a

---

[2] Because neither party questions the procedural posture of this case, we express no opinion on the matter.

2

minimum of 85% of his sentence; and because § 559.115 precluded probation for those convicted of "any offense in which there exists a statutory prohibition against either probation or parole," Masters was thereby barred from receiving probation. The trial court agreed and granted the Department's motion. Masters appeals.

**Standard of Review**

"Review of a grant of judgment on the pleadings requires this Court to determine 'whether the moving party is entitled to judgment as a matter of law on the face of the pleadings.'" *Shelter Mut. Ins. Co. v. MacVittie*, 423 S.W.3d 252, 254 (Mo. App. W.D. 2013) (quoting *Emerson Electric Co. v. Marsh & McLennan Cos.*, 362 S.W.3d 7, 12 (Mo. banc 2012)). "The non-moving party's well-pleaded facts are treated as admitted for purposes of the motion." *Id*. "The trial court's judgment will be affirmed only 'if the facts pleaded by the petitioner, together with the benefit of all reasonable inferences drawn therefrom, show that petitioner could not prevail under any legal theory.'" *Id*. (quoting *Emerson*, 362 S.W.3d at 12).

**Analysis**

Masters raises two points on appeal, both arguing that the trial court erred in granting the Department's motion for judgment on the pleadings for the reason that the Department was misconstruing § 559.115.8. Thus, we will address both points together.

Section 559.115.2 allows a court to retain "the power to grant probation to an offender anytime up to one hundred twenty days after such offender has been delivered to the department of corrections but not thereafter." Additionally, the court has the power under § 559.115.3 to recommend placement of an offender into a 120-day program, such as the shock incarceration

program.[3]  This power is limited only if "otherwise prohibited by subsection 8" of § 559.115.

§ 559.115.2.  Subsection 8 states:

> *Notwithstanding any other provision of law, probation may not be granted pursuant to this section to offenders who have been convicted of* murder in the second degree pursuant to section 565.021; forcible rape pursuant to section 566.030 as it existed prior to August 28, 2013; rape in the first degree under section 566.030; forcible sodomy pursuant to section 566.060 as it existed prior to August 28, 2013; sodomy in the first degree under section 566.060; statutory rape in the first degree pursuant to section 566.032; statutory sodomy in the first degree pursuant to section 566.062; child molestation in the first degree pursuant to section 566.067 when classified as a class A felony; abuse of a child pursuant to section 568.060 when classified as a class A felony; an offender who has been found to be a predatory sexual offender pursuant to section 558.018; or *any offense in which there exists a statutory prohibition against either probation or parole*.

§ 559.115.8 (emphasis added).

The Department (and the trial court) interpreted the italicized portion of the statute to preclude granting probation to Masters because his first-degree assault conviction required, under § 558.019.3, that he serve a mandatory minimum of 85% of his sentence before becoming eligible for parole.  Thus, according to the Department's interpretation, Masters's offense included a statutory prohibition against parole, and therefore, he was ineligible for probation under § 559.115.8.  We disagree.

Though it is true that Masters's conviction of first-degree assault constitutes a dangerous felony under § 556.061(8), which would require that Masters serve a minimum of 85% of his sentence before becoming parole eligible, these facts do not affect the court's power to release him on probation within his first 120 days in the Department under § 559.115.  The same statute that provides for the 85% mandatory minimum also explicitly states that it "shall not be construed to affect . . . the provisions of section 559.115, relating to probation."  § 558.019.1.

---

[3] "When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program," subject to certain exceptions not at issue in this case. § 559.115.3.

4

Thus, the plain language of the statute indicates that it does not override the court's power to grant an offender probation upon successful completion of a 120-day program.

The Department argues that § 559.115.8's preclusion of probation for "any offense in which there exists a statutory prohibition against either probation or parole" controls because it states that probation may not be granted to such offenders "[n]otwithstanding any other provision of law." There are two flaws in the Department's reasoning. First, it misinterprets the effect of the "notwithstanding" provision. And second, it is based upon a false premise that Masters's conviction involves an "offense in which there exists a statutory prohibition against either probation or parole."

"[T]o say that a statute applies 'notwithstanding any other provision of the law' is to say that no other provisions of law can be held in conflict with it." *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 632 (Mo. banc 2007). Contrary to the Department's argument, "the 'Notwithstanding' clause does not *create* a conflict, but eliminates the conflict that would have occurred in the absence of the clause." *Id.* (emphasis added). Here, there is no conflict between § 558.019 and § 559.115.8 because Masters's offense is not one "in which there exists a statutory prohibition against either probation or parole." Thus, the "notwithstanding" provision of § 559.115.8 is irrelevant to the issue at hand.

The Department relies upon the Eastern District's decision in *State ex rel. McCulloch v. Schiff*, 852 S.W.2d 392 (Mo. App. E.D. 1993), in support of its claim that Masters's conviction of first-degree assault is an "offense in which there exists a statutory prohibition against either probation or parole." This case, however, does not support the Department's interpretation.

In *McCulloch*, the defendant was convicted of armed criminal action, in violation of § 571.015. *McCulloch*, 852 S.W.2d at 393. The trial court expressed its intention to "sentence defendant to imprisonment for three years . . . and to suspend execution of the sentence and,

5

pursuant to § 559.115, place defendant on probation on the armed criminal action conviction." *Id.* The State objected and sought a writ of prohibition. *Id.* at 393-94. The Eastern District issued the writ prohibiting the court from placing the defendant on probation under § 559.115 on the basis that his conviction of armed criminal action constituted an "offense in which there exists a statutory prohibition against either probation or parole." *Id.* at 395.

The Department argues that there is a statutorily imposed mandatory minimum prison term of three years required for armed criminal action, i.e., a prohibition on probation or parole for at least three years; thus, the mandatory minimum for first-degree assault, as a dangerous felony, is no different, and it, too, constitutes "an offense in which there exists a statutory prohibition against either probation or parole." The Department's argument, however, ignores that the basis for the court's determination in *McCulloch* was found in the express language of the armed criminal action statute. *Id.* Section 571.015.1, stating the penalties for the offense of armed criminal action, provides: "No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years." There is nothing akin to this language anywhere within § 565.050, the statute criminalizing first-degree assault. Thus, *McCulloch* is distinguishable and does not support the Department's claim.

Unlike armed criminal action, a person convicted of first-degree assault may initially be placed on probation instead of being sent to the Department. And, indeed, Masters is an example of that very scenario; as he was initially placed on probation and was ordered to the Department of Corrections only after his probation was revoked. A person charged with armed criminal action, however, *must* be sent to the Department upon conviction; "the statute prohibits any form of judicial clemency." *McCulloch*, 852 S.W.2d at 395; § 571.015.1. Thus, because § 565.050 states nothing about probation or parole, the only possible source of a prohibition on probation or

6

parole for first-degree assault is § 558.019.3, mandating that an offender serve a minimum of 85% of his or her sentence before becoming parole eligible. But § 558.019.1 plainly states that the statute "shall not be construed to affect . . . the provisions of section 559.115, relating to probation."

Taking the Department's argument to its logical conclusion would mean that no felony offender would *ever* be eligible for probation under the provisions of § 559.115 because *every* felony has an associated mandatory minimum term of imprisonment that must be served before the offender becomes parole eligible. *See* § 558.019.2 (identifying minimum prison terms required to be served for those with prior prison commitments); § 558.011.4 (defining the conditional release terms for all other sentences not addressed by § 558.019). Thus, according to the Department's position, every offense would have a statutory prohibition on parole, precluding probation under § 559.115.8. This is an absurd result that eviscerates the authority granted a sentencing court by § 559.115 to engage in judicial clemency.

Furthermore, § 559.115.8 identifies specific crimes to which it applies: second-degree murder under § 565.021; forcible rape under the pre-August 28, 2013 version of § 566.030; first-degree rape under § 566.030; forcible sodomy under the pre-August 28, 2013 version of § 566.060; first-degree sodomy under § 566.060; first-degree statutory rape under § 566.032; first-degree statutory sodomy under § 566.062; class A felony first-degree child molestation under § 566.067; and class A felony child abuse under § 568.060. The statute also precludes probation under § 559.115 for those who have been found to be predatory sexual offenders under § 558.018.

The Department argues that the final category identified in § 559.115.8 ("any offense in which there exists a statutory prohibition against either probation or parole") is a catch-all meant to capture the ever-changing list of "dangerous felonies." Though we agree with the Department

7

that the final category is certainly a "catch-all," we disagree that it was meant to capture unidentified "dangerous felonies." First, though there is overlap between the offenses specifically identified and those defined as "dangerous felonies," had the legislature meant for the final category to be a catch-all for as-yet-unnamed dangerous felonies, the legislature would have said "any other offense defined as a 'dangerous felony' under § 556.061(8)." But the legislature did not do so, and we do not believe that the intent behind the final category of § 559.115.8 was meant to capture only dangerous felonies. In fact, if the Department's argument were correct, then we would have to find that *McCulloch* was wrongly decided, as armed criminal action is not identified as a "dangerous felony," but it was held to be an "offense in which there exist[ed] a statutory prohibition against either probation or parole." We see no reason, however, to question the holding in *State ex rel. McCulloch*, as the offense at issue there clearly had a statutory prohibition against both probation and parole.

Though we disagree with the Department's interpretation, we also disagree to some extent with Masters's interpretation as well. Masters argues that the 85% mandatory minimum required by § 558.019.3 does not constitute a *prohibition* on parole; rather, he claims it is merely a *restriction*. In other words, because parole is possible at some point in the future, it cannot be said to be *prohibited*. Thus, under Masters's interpretation, parole or probation is prohibited only if it is *never* available for the offense at issue. This interpretation is also at odds with *McCulloch*, as parole is plainly available for an armed criminal action conviction—at the earliest—once the minimum three years have been served.[4] Masters's interpretation would mean that the sentencing court in *McCulloch* should have had the option of recommending the defendant to a 120-day program. But that was plainly not an option under the express language

---

[4] We recognize that the parole eligibility date may be affected by the length of the sentence actually given for an armed criminal action conviction, as well as by any prior Department commitments the particular offender may have, along with any other sentences he or she may receive. *See* § 558.019.2, .4; § 558.011.4, .5; 14 C.S.R. § 80-2.010.

8

of § 571.015.1, which "prohibits any form of judicial clemency." *McCulloch*, 852 S.W.2d at 395.

The true meaning of the phrase, "any offense in which there exists a statutory prohibition against either probation or parole," lies somewhere between the parties' interpretations. It does not mean offenses subject to mandatory minimum terms under § 558.019. Nor does it mean solely offenses for which probation or parole are indefinitely precluded, such as first-degree murder. Rather, as determined by the Eastern District in *McCulloch*, it means offenses subject to a prohibition on either probation or parole arising from a statute other than § 558.019. And because first-degree assault does not have a prohibition on probation or parole outside of § 558.019, the trial court erred in granting the Department's motion for judgment on the pleadings.

Masters's points on appeal are granted.

### Conclusion

The trial court erred in granting the Department's motion for judgment on the pleadings. Its judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

Karen King Mitchell, Presiding Judge

Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.

9