STATE of Missouri, Respondent,

v.

Samuel NANCE, Appellant.

No. 61571.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1994.

---

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his convictions for three counts of first degree assault in violation of § 565.050, RSMo Supp.1993. We affirm.

Defendant's sole challenge on appeal is to the sufficiency of the evidence to convict him as an aider and abettor of three counts of first degree assault. Our review is limited as follows:

> On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. [Citation omitted.] In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

State v. Grim, 854 S.W.2d 403, 405[1] (Mo. banc 1993), quoting, State v. Dulany, 781 S.W.2d 52, 55 (Mo. banc 1989); See also, State v. Jeffries, 858 S.W.2d 821, 823 (Mo. App.1993).

On or about October 1, 1990, at approximately 10:30 p.m., Stephen Ross, Cameron Wider, Michael Boyd, and Frederick Willis rode together in Wider's car to a Chinese food restaurant located near the intersection of West Florissant and Warne streets in the City of St. Louis. After parking the car, the four men went into the restaurant and purchased take-out food. The men then returned to Wider's car in the parking lot. While the four were seated in the car, Defendant and Brian Zachary pulled up. Willis announced the appearance of Defendant and "Zach." Ross, who was seated in the front passenger seat, looked over his left shoulder and observed Defendant and Zachary approaching Wider's car. At this time, Ross saw Defendant and Zachary pull out guns without provocation. Ross ducked and heard gunshots. The four men exited the car. Ross fell to the ground beside the car with a gunshot wound to his abdomen. Wider was shot twice in his left leg. Boyd was shot in his left side and right lower leg. Ross saw Wider run away. He also saw Boyd and Willis running away to his right with Defendant chasing them. Then, Defendant and Zachary approached Ross. Ross was kicked four times and hit in the head with a gun. At this time, Defendant and Zachary got back in their automobile and left the scene.

Nine shell casings were found at the scene. These casings were all from the same gun, a 9 millimeter Luger. The State's expert was unable to determine the exact size and caliber of the bullets retrieved from the victims.

The grand jury indicted Defendant of three counts of first degree assault as an aider and abettor and three counts of armed criminal action. At his trial, Defendant testified on his own behalf. He admitted he was with Zachary at the Chinese restaurant on the date in question. However, he claimed Willis approached them with a gun and demanded Zachary's mini-van. In response, Zachary pulled a gun. He testified Wider then approached the van with a gun and began firing. Defendant stated he got out of the van and hid behind the van's right fend-

er. He further testified that when the gunfire ended, he walked around the van and saw Zachary hit Ross in the head and kick him. He then left the scene with Zachary. He stated he never had a gun and never fired any shots.

After trial, the jury convicted Defendant of all three counts of first degree assault and acquitted him of the three counts of armed criminal action. The jury further sentenced Defendant to five years' imprisonment on each count, for a total sentence of fifteen years.

Section 562.041.1, RSMo 1986, provides:

A person is criminally responsible for the conduct of another when

    \*    \*    \*    \*    \*    \*

(2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he [or she] aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

■ The evidence presented at trial need not show Defendant committed each and every element of the crime himself. *State v. Parmeley*, 854 S.W.2d 524, 526[2] (Mo.App. 1993). Aiders and abettors who act with a common purpose with active participants in the crime are criminally liable if the evidence shows any form of affirmative participation in the crime. *State v. McGowan*, 789 S.W.2d 242, 243[4] (Mo.App.1990); *State v. Gonzalez–Gongora*, 673 S.W.2d 811, 813[3] (Mo. App.1984).

■ Evidence of affirmative participation may be circumstantial. *State v. Townsend*, 810 S.W.2d 726, 727[1] (Mo.App.1991). "Indicia of aiding and abetting include presence at the scene of the crime, flight therefrom, and association with others involved before, during, and after the commission of the crime." *State v. Forister*, 823 S.W.2d 504, 508[3] (Mo.App.1992).

■ Defendant contends the State failed to show he affirmatively participated in the assaults against Wider, Ross, and Boyd. He argues: "At best, the state's evidence shows appellant's appalling lack of judgment in his association with Brian Zachary and failure to contact the police sooner." We disagree.

Sufficient evidence exists within the record to show Defendant affirmatively participated in the assaults. Defendant was with Zachary immediately prior to the events. He was present at the scene throughout the attack on the victims. While Defendant contended he did not have a gun and never fired any shots himself, Ross testified Defendant did have a gun. In any event, it is not necessary to show Defendant actually fired any of the shots. *See, Parmeley*, 854 S.W.2d at 526[2]. Ross also testified Defendant chased after Boyd and Willis. Moreover, Defendant fled the scene with Zachary and made no attempt to contact the police for nearly two weeks. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.