STATE of Missouri, Plaintiff–
Respondent,

v.

Charles FRIEND, Defendant–Appellant.

Charles FRIEND, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 20088, 20786.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 19, 1996.

David Simpson, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Asst. Attorney General, Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

A jury convicted Charles Friend (Appellant) of attempting to steal property worth over $150, and he was sentenced, as a prior and persistent offender, to five years' imprisonment. He appeals that conviction in Case No. 20088.

■ Appellant's motion for postconviction relief pursuant to Rule 29.15,[1] which was later amended, was denied following an evidentiary hearing. His appeal from that denial, Case No. 20786, was consolidated with Case No. 20088. Appellant, however, raises no issue in his brief relating to the denial of his 29.15 motion. Accordingly, his appeal from that denial is deemed abandoned and Case No. 20786 is dismissed. *See State v. Walls,* 911 S.W.2d 645, 646 (Mo.App.S.D. 1995).

Appellant's sole allegation of error in Case No. 20088 relates to the trial court's denial of his motions for judgment of acquittal.[2] In

---

**1.** All references to rules are to Missouri Rules of Criminal Procedure (1994), and all references to statutes are to RSMo 1994, unless otherwise noted.

**2.** Appellant requested that the trial court enter a judgment of acquittal at the close of the State's

case. He rested without putting on evidence after the denial of that motion. He also filed a motion for judgment of acquittal after the guilty verdict, pursuant to Rule 27.07(c).

that regard, he contends that the State presented insufficient evidence to support a conviction for the offense charged.

On January 31, 1994, Ava, Missouri police officer Al Baker was on patrol at approximately 6:00 A.M. when he pulled into the parking lot of the Trading Post Realty. It was then "dusky dark," and "just breaking day." He noticed a Ford pickup backed up to a utility trailer. Officer Baker did not recognize the truck, but he knew that the trailer belonged to B.J. Evans, the owner of the lot, and that it had been displayed for sale there for some time. According to Baker, the truck's lights and engine were off, and its doors were closed. He admitted that he never saw anyone back the truck up to the trailer.

At first Baker saw two people; Appellant was in the cab of the truck behind the steering wheel, and the other (Rodney Guerin) was standing by the rear of the truck. As Baker drove to the truck, he saw that it was hooked to the trailer, and that a third person (Delbert Loftis) was between the truck and the trailer, cranking the trailer's jack at a pace he described as "pretty good." Apparently, however, the trailer's hitch had not been released before Loftis began cranking the jack to lift the tongue of the trailer, because the truck's rear wheels were almost off the ground.

As Baker approached the truck in his patrol car, Guerin walked away. Baker asked Loftis if they had bought the trailer, to which Loftis replied, "No, I'm trying to cut loose from it." The officer then told Loftis of his oversight in not releasing the mechanism on the trailer hitch.

Baker then noticed Appellant move from behind the steering wheel of the truck to the center of the seat and start "fumbling" around the dash or reaching in the glove box like he was looking for something. At some point, Appellant got out of the truck through the driver's door, came to the rear of the truck using a crutch, and, according to Baker, said something to Loftis about needing "those boards or what happened to those boards."

Loftis let the trailer jack down, tripped the latch on the hitch, cranked the jack up, and unhooked the trailer from the truck. Baker then drove off, but as he did so he radioed for a registration check on the truck, and asked the dispatcher to contact Mr. Evans to see if he had authorized anyone to use the trailer. The response he received one and one-half to two minutes later indicated that the license checked to a GMC rather than a Ford truck, and that Evans had not given permission for anyone to use the trailer. Baker then looked back in the direction of the trailer and saw that the truck and men were gone. According to Officer Baker, he never received any information indicating that Appellant was the owner of the truck.

The State's evidence against Appellant was circumstantial. Our review to determine the sufficiency of circumstantial evidence to support a conviction, however, is based on the same standard as in cases involving direct evidence. *State v. Grim*, 854 S.W.2d 403, 405–408 (Mo. banc), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). In *Grim*, the Missouri Supreme Court held that the test described in *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989), was applicable. In *Dulany*, the court said:

> On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. [Citation omitted.] In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

*Id.*

Appellant notes that, by an amended information, the State charged that he "drove a

Ford pickup into the Trading Post parking lot and backed up to a trailer owned by B.J. Evans and began hooking said trailer to the said pickup, and such conduct was a substantial step toward the commission of the crime of stealing a trailer valued over $150...."[3] He argues that the State's evidence did not prove that he committed the acts alleged in the amended information. The apparent thrust of his argument seems to be that, by reason of the amended information, the State was required to prove that he personally committed the acts charged in order to convict him, i.e., that he acted as a principal.

The State, however, was entitled to prosecute Appellant for aiding criminal acts even if he did not personally commit all of the elements of the crime. § 562.041.1(2). An information may charge a defendant either as a principal or as an aider and encourager with the same legal effect. *State v. Isa,* 850 S.W.2d 876, 898 (Mo. banc 1993). The State may submit the case on the theory of accomplice liability despite charging the defendant as a principal. *Id.*

Accomplices are criminally liable if they affirmatively participate in the crime. *State v. Nance,* 880 S.W.2d 578, 580 (Mo.App. E.D.1994). Affirmative participation may be proved by circumstantial evidence, including presence at the scene of the crime, flight therefrom, and association with others involved before, during and after the commission of the crime. *Id.* Guilt under § 562.041.1(2) for aiding and abetting also encompasses acts of encouragement. *State v. Richardson,* 923 S.W.2d 301, 317 (Mo. banc 1996). "Encouragement," for this purpose, is the equivalent of conduct that by any means countenances or approves the criminal actions of another. *Id.* at 318.

We are unable to conclude that the trial court erred in denying Appellant's motion for judgment of acquittal made at the close of the State's case. At that point, the State still had the option of submitting the case against Appellant on the theory of his guilt as an accomplice pursuant to § 562.041.1(2). It had presented evidence that none of the three people present that morning had authority to hook onto the trailer, and that Appellant was present when Loftis was disengaging the trailer from the truck. The jury could have believed from that evidence that the trailer had been hooked to the truck in an attempt to steal it, but was being disengaged because of Officer Baker's approach. Additionally, the evidence demonstrated that Appellant went to the back of the truck and spoke of "boards" to Loftis, which could have been construed as an attempt to relieve Baker of any suspicion. Certainly, that could be interpreted as affirmative evidence that Appellant was at least encouraging the attempted theft.

Appellant also complains, however, that the trial court denied his motion for judgment of acquittal at the close of all of the evidence. Since he rested without presenting evidence and did not then file another such motion, we presume that he refers to his motion for judgment of acquittal notwithstanding the verdict filed pursuant to Rule 27.07(c).

That motion, however, was filed after the State had elected to submit its case to the jury based on Appellant's guilt as a principal. The verdict-directing instruction, submitted by the State, was patterned after MAI–CR3d 304.06 and authorized a finding of guilty if the jury believed that Appellant "backed a pickup truck up to a trailer owned by B.J. Evans," which was a "substantial step toward the commission of the offense of felony stealing of B.J. Evans' trailer...." It is significant that the State chose not to submit the

3. Section 570.030 provides that:

1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.
Section 564.011.1 provides:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

case against Appellant by an instruction patterned after MAI–CR3d 304.04 on the theory that he aided or encouraged others in the commission of the crime. Consequently, the State accepted the burden of proving that Appellant "backed a pickup truck up to a trailer" as the substantial step toward the commission of attempted stealing.

The only evidence relating to whether Appellant backed the truck up to the trailer was that he was sitting behind the steering wheel when Officer Baker arrived at the scene. The truck was not registered to Appellant, and when Officer Baker arrived, it was not running, its lights were off, and two other persons were present. There was no evidence indicating that the ignition keys were in the switch, or that Appellant had access to them. Likewise, there was no evidence indicating how long the truck had been in that position.

While we are to accept as true all inferences favorable to the State, they must be *logical* inferences that may be reasonably drawn from the evidence. *State v. O'Brien,* 857 S.W.2d 212, 215–16 (Mo. banc 1993). The question for our determination, therefore, is whether this evidence could result in the *logical* inference that Appellant backed the truck up to the trailer. In the absence of proven facts from which it logically follows, an inference lacks the stature of substantial evidence. *State v. Blaney,* 801 S.W.2d 447, 449 (Mo.App.E.D.1990). In the instant case, with these facts and with the case against Appellant being submitted based on his actions as a principal, rather than as an aider and encourager, we have concluded that there was insufficient evidence from which a reasonable juror could have found, beyond a reasonable doubt, that Appellant backed the truck up to the trailer. Such a finding was required for a conviction based upon the theory submitted by the State.

Accordingly, the judgment of conviction must be and is hereby reversed.

BARNEY, P.J., and PREWITT, J., concur.