**Joseph P. SANFORD, Plaintiff–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 30550.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 28, 2011.

---

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Judge.

Joseph P. Sanford ("Movant") appeals the denial of his amended Rule 24.035[1] motion to set aside his guilty plea to the crime of driving while intoxicated. *See* section 577.010. Movant's sole point on appeal alleges the trial court "lacked a factual basis to accept [Movant]'s guilty plea[.]" Movant claims no factual basis for the crime was established because: 1) he was not asked whether he agreed with the State's recitation of its anticipated evidence; and 2) "the facts that caused [Movant] to say he was guilty were that he, 'knowingly drove a vehicle in Newton County MO w/4 prior alcohol related convictions[.]'" Because the record reveals a

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2009) and all statutory references are to RSMo 2000.

factual basis for Movant's guilty plea, we affirm the denial of post-conviction relief.

■ Our review of a denial of post-conviction relief usually involves a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Woods v. State*, 176 S.W.3d 711, 712 (Mo. banc 2005). But in this case, while the motion court entered written findings of fact and conclusions of law addressing other claims Movant had asserted in his amended motion, none addressed the one claim Movant now carries forward on appeal. Although such an omission would generally result in our remanding the matter to the motion court with a direction that it make the omitted findings, *see, e.g., Weekley v. State*, 265 S.W.3d 319, 322 (Mo.App. S.D.2008), we agree with both parties' assertion that no such remand is necessary here because we may resolve the issue as a matter of law by reviewing the record of Movant's guilty plea.[2] *See id.* ("no findings are required where the only issue is one of law") (citation omitted).

■ Rule 24.02(e) mandates that a trial court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." To establish the necessary factual basis,

> [e]very element of the crime need not be explained to the defendant, as long as he understands the nature of the charge. *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996). Moreover, the factual basis does not have to be established from the defendant's words or by an admission of the facts as recited by the State, as long as the basis exists on the record as a whole. *See id.; see also State v. Morton*, 971 S.W.2d 335, 340

(Mo.App. E.D.1998). . . . A factual basis is established where the information or indictment clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant and the defendant admits guilt. *Bailey v. State*, [191 S.W.3d 52, 55–56 (Mo.App. E.D.2005)]; *Ivy v. State*, 81 S.W.3d 199, 202 (Mo.App. W.D. 2002).

*Martin v. State*, 187 S.W.3d 335, 339 (Mo. App. E.D.2006).

In the case at bar, Movant expressed his desire to enter a guilty plea by signing a sworn, written statement entitled "Petition to Enter Plea of Guilty." In that petition, Movant represented that:

3. I received a copy of the information (charge against me). I read the information and have discussed it with my attorney. My attorney explained every charge to me and I understand that I am charged with **FELONY DWI (B)**. I understand the nature of the charge against me and my lawyer informed me that the range of punishment which the law provides is **FIVE** to **FIFTEEN** years imprison [sic]. . . .

4. I told my lawyer all the facts and circumstances known to me about the charges made against me in the information. I believe that my lawyer is fully informed on all such matters.

. . . .

20. State facts, which cause you to say you are guilty: **KNOWINGLY DROVE A VEHICLE IN NEWTON COUNTY MO W/4 PRIOR ALCOHOL RELATED CONVICTIONS**[.]

21. I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH

---

2. Movant presented *no evidence in regard to* this claim at the motion hearing. Instead, motion counsel stated: "Judge, I believe that's all the witnesses I would call. The remaining argument in these is more of a legal issue about whether or not there's an adequate factual basis. But I don't intend that—that you can determine from the record, from the guilty plea transcript."

FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INFORMATION AND IN THIS PETITION.[3]

If "knowingly [driving] a vehicle in Newton County[,] [Missouri with four] prior alcohol related convictions" were the only basis for Movant's guilty plea, he would be entitled to prevail in this appeal. It was not.

The charge Movant swore he read and understood alleged that "on or about the 31st day of March[,] 2007, in the County of Newton, State of Missouri, the defendant operated a motor vehicle on a highway, Ceder [sic] and Granby Miners, while under the influence of alcohol/drugs[.]" Movant was also no stranger to the elements of a driving while intoxicated charge. During Movant's plea, his lawyer told the trial court in Movant's presence that "this is [Movant]'s fifth DWI[.]" Movant made no attempt to challenge the truth of that statement.[4]

When the court asked Movant whether he had consumed alcohol prior to his arrest, Movant said he drank a six-pack of beer earlier in the day. When the court then asked Movant whether he believed he was under the influence of that alcohol when he was stopped, Movant's answer was, "It's possible, your Honor." Upon receiving this equivocal response from Movant, the court turned to the prosecutor for a recitation of what the State would present as evidence of intoxication.

The prosecutor said the officer who stopped Movant would testify that he smelled a strong odor of intoxicants coming from the vehicle and conducted field sobriety tests. The officer would testify that Movant showed six indicators of intoxication on the horizontal gaze nystagmus test; that Movant failed both the "walk and turn test" and "one-legged stand[;]" and that Movant intentionally failed to provide an adequate breath sample for the Breathalyzer. The trial judge found a factual basis for the guilty plea had been established, and when he asked Movant if he was aware of any legal reason why the court should not announce its sentence, Movant replied, "No, sir."

The State's recitation of the evidence it would offer at trial provided a sufficient factual basis for the offense whether the Defendant agreed with it or not. *See State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996); *State v. Morton*, 971 S.W.2d 335, 340 (Mo.App. E.D.1998). Moreover, the information clearly charged Movant with all the elements of driving while intoxicated and Movant admitted in his plea petition that he was guilty of that offense. *See Bailey v. State*, 191 S.W.3d 52, 55–56 (Mo.App. E.D.2005).

Because the record refutes Movant's claim that no factual basis existed for his guilty plea, we affirm the motion court's denial of post-conviction relief.

BARNEY, P.J., and LYNCH, J., Concur.

---

3. The portions shown in bold type were handwritten on the original. All other portions were pre-printed. Movant also placed his initials after each of the individual representations listed.

4. During the same hearing, Movant also entered a guilty plea in case # 07NW–CR01323–01 to driving while intoxicated (as a persistent offender), a class D felony. Movant was sentenced to four years on that offense, and his sentence was ordered to run concurrent with the six year sentence he received in the instant case. Movant did not challenge this conviction and sentence in his amended motion in the instant case. As neither his amended motion nor appellate brief refer to the conviction, we do not address it.