Kennis S. JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104134

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR**.

April 18, 2017

Kristina Starke Olson, St. Louis, MO, for appellant.

Joshua D. Hawley, Colette Neuner, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge

## Introduction

Kennis S. Jones ("Jones") appeals from the denial of his Rule 24.035 [1] motion after an evidentiary hearing. Jones pleaded guilty to one count of first-degree robbery. On appeal, Jones argues that his defense counsel was ineffective for advising Jones that he was eligible for the 120–day drug treatment program under Section 559.115 [2] ("120–day program") when the Missouri Department of Corrections ("MDOC") was denying eligibility to defendants convicted of first-degree robbery. Because defense counsel correctly advised Jones that he was eligible for the 120–day program, the motion court did not clearly err in denying Jones's claim of ineffective assistance of counsel. We affirm.

## Factual and Procedural History

The State charged Jones with one count of first-degree robbery and one count of armed criminal action. After engaging in plea negotiations, the State dropped the count of armed criminal action. However, the parties remained unable to reach a plea agreement. Nonetheless, Jones decided to plead guilty.

At the plea hearing, the State asserted that Jones entered a bank and handed the cashier a note demanding money. Although Jones told the cashier that he had a gun, he did not brandish the weapon. After receiving $2,000 from the cashier, Jones fled the bank. Jones admitted at the plea hearing that the facts were "basically true." The plea court then informed Jones that by entering an open plea the court retained discretion to choose an appropriate sentence within the full sentencing range. The plea court told Jones that the sentencing range for first-degree robbery was the possibility of probation or from ten to thirty years in prison. Jones acknowledged that he understood, and the plea court accepted Jones's open guilty plea.

Prior to sentencing, Jones's defense counsel requested a Sentencing Assessment Report from the Missouri Department of Probation and Parole ("SAR"). Jones's SAR indicated that he was eligible for the 120–day program under Section 559.115 and set a bed date for him.

At his sentencing hearing, Jones asked for a sentence of fifteen years in prison, to be served only if he failed to complete the 120–day program. Further, Jones asked to be released on probation if he successfully completed the 120–day program. Conversely, the State recommended a sentence of fifteen years in prison without

---

1. All rule references are to Mo. R. Crim. P. (2016).

2. All statutory references are to RSMo Cum. Supp. (2013).

eligibility for the 120–day program. The plea court sentenced Jones to twelve years in prison and did *not* refer Jones to the 120–day program. In explaining its decision to Jones, the plea court stated "[i]n theory, the 120–day program was an option. And in theory, time in the penitentiary was an option up to and including life imprisonment."

Jones filed a Rule 24.035 motion alleging ineffective assistance of counsel. In his motion, Jones claimed that his defense counsel was ineffective for advising him to enter into an open guilty plea in the hope of being sentenced to the 120–day program for which he was not eligible. Jones's argument was premised upon MDOC's interpretation of Section 559.115, the statute governing eligibility to the 120–day program. From May 17, 2013, when MDOC issued a memorandum to this effect, until October 6, 2015, MDOC mistakenly interpreted Section 559.115[3] as denying eligibility to those convicted of "dangerous felonies," such as first-degree robbery. On October 6, 2015, the Western District of the Missouri Court of Appeals rejected MDOC's interpretation of Section 559.115, holding instead that defendants convicted of "dangerous felonies" were eligible for the 120–day program. Masters v. Lombardi, 472 S.W.3d 214, 219 (Mo. App. W.D. 2015). Because Jones pleaded guilty four months before Masters was decided, Jones argued that he had entered an open guilty plea in the hope of receiving an unattainable sentence.

The motion court held an evidentiary hearing. Jones's defense counsel testified that he was not aware of MDOC's policy of denying eligibility to felons convicted of first-degree robbery when he advised Jones to seek referral to the 120–day program. Defense counsel further testified that, even had he known of MDOC's policy denying eligibility to dangerous felons, he nevertheless would have advised Jones to seek referral to the 120–day program because he knew Jones was eligible by law. Defense counsel based his belief on his experience representing defendants who had been convicted of dangerous felonies and had been accepted into the 120–day program. Finally, defense counsel explained that he did not guarantee Jones a particular sentence if he pleaded guilty.

Jones also testified that he was not aware of MDOC's interpretation of Section 559.115 when he pleaded guilty. Jones testified that not only was he not advised by defense counsel of the MDOC interpretation, but defense counsel <u>guaranteed</u> him that he would receive the 120–day program as part of his sentence if he entered an open guilty plea. Jones stated that he would not have pleaded guilty had he been aware of MDOC's policy at the time, but would have proceeded to trial.

After the hearing, the motion court denied Jones's claim for ineffective assistance of counsel. The motion court found that defense counsel's testimony that he had not guaranteed Jones a particular sentence if he pleaded guilty was "credible" and that Jones's testimony to the contrary was "inconsistent and not credible." The motion court denied Jones's motion on the grounds that he had not been guaranteed a particular sentence; instead, Jones had pleaded guilty knowing that he could receive any sentence within the sentencing range. The motion court also concluded

**3.** Section 559.115(8) reads in part, "probation may not be granted pursuant to this section to offenders who have been convicted of... any offense in which there exists a statutory prohibition against either probation or parole."

MDOC interpreted Section 559.115(8) to include "dangerous felonies," because they require the defendants to serve 85 percent of their sentence before being eligible for parole.

that the plea court at sentencing was not affected by MDOC's misinterpretation of Section 559.115. Jones appeals.

## Point on Appeal

On appeal, Jones argues that defense counsel was ineffective for advising him to enter an open guilty plea with the hope of being sentenced to the 120–day program for which he was not eligible. Jones claims that, but for his defense counsel's erroneous advice that he could receive treatment in the 120–day program, he would not have entered an open plea and instead would have proceeded to trial.

## Standard of Review

A motion court's findings of fact and conclusions of law are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, appellate review of post-conviction motions is limited to whether the motion court's findings and conclusions were "clearly erroneous." Rule 24.035(k); Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009). We find clear error only if, after a full review of the record, we are under the definite and firm impression that the motion court made a mistake. Roberts, 276 S.W.3d at 835. We defer to the motion court's determinations of credibility. Nichols v. State, 409 S.W.3d 566, 569 (Mo. App. E.D.2013).

## Discussion

 To prove ineffective assistance of counsel, Jones must satisfy the familiar two-prong test set out in Strickland v. Washington, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Stanley v. State, 420 S.W.3d 532, 548 (Mo. banc 2014). Under Strickland, a movant must demonstrate that: (1) his or her counsel failed to exercise the level of skill and diligence that a

reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure. Stanley, 420 S.W.3d at 548. "The court may not need to address both prongs [of Strickland] if the movant has failed to make a sufficient showing on one." Taylor v. State, 382 S.W.3d 78, 81 (Mo. banc 2012). To show prejudice in a Rule 24.035 motion, a defendant must prove that, but for counsel's ineffectiveness, he or she would not have pleaded guilty and would have demanded a trial. Stanley, 420 S.W.3d at 548. Finally, "if conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." Cooper v. State, 356 S.W.3d 148, 153 (Mo. banc 2011).

 In determining the first prong of Strickland, counsel generally has no duty to inform a defendant about collateral consequences of a guilty plea, such as eligibility for the 120–day program under Section 559.115. Brown v. State, 67 S.W.3d 708, 711 (Mo. App. E.D. 2002). However, we have distinguished between a failure to advise about collateral consequences and the provision of erroneous advice, because erroneous advice may affect the voluntariness of a guilty plea. Hao v. State, 67 S.W.3d 661, 663 (Mo. App. E.D. 2002). Erroneous advice affects the voluntariness of a guilty plea when the resulting plea is based on "the holding out of hopes which prove to be false or ill founded." Drew v. State, 436 S.W.2d 727, 729 (Mo. 1969). Therefore, counsel's performance may be ineffective if he or she gives erroneous advice that impinges on the voluntariness of a plea. See Dobbins v. State, 187 S.W.3d 865, 866–67 (Mo. banc 2006).

 Jones argues that his defense counsel erroneously advised him that the 120–day program was an available sentencing

option for the court when it was not. By relying on defense counsel's erroneous advice, Jones held out the false hope of being sentenced to the 120–day program. We are not persuaded.

Jones likens his case to Dobbins. In Dobbins, the defendant entered an open plea, relying "on his attorney's advice that, whatever sentence he received, he would be eligible to petition for early release pursuant to section 558.046." Id. at 866. When the defendant, a "prior offender," found out that "prior offenders" were not eligible for early release under Section 558.046 as a matter of law, he brought a Rule 24.035 motion alleging his defense counsel was ineffective for providing erroneous advice that affected the voluntariness of his plea. Id. The court in Dobbins granted the defendant's motion because defense counsel had given incorrect advice and the defendant had relied on such advice in entering his plea. Id. at 867.

Dobbins is readily distinguishable. The critical difference between Jones's situation and Dobbins is that Jones's defense counsel did not provide erroneous advice. Defense counsel correctly informed Jones that he was eligible for the 120–day program. Masters, 472 S.W.3d at 219. Admittedly, when Jones pleaded guilty before the Western District decided Masters, the accuracy of defense counsel's advice as to Jones's eligibility for the program was less certain. However, the timing of defense counsel's advice does not change the fact that, in the eyes of the law, Jones was eligible for referral to and participation in the 120–day program when he pleaded guilty. Masters did not create or change this eligibility. Masters simply interpreted the law. Id. Moreover, the sentencing court agreed with defense counsel that Jones was eligible. The sentencing court expressly considered referring Jones to the 120–day program, stating "[i]n theory,

the 120–day program was an option. And in theory, time in the penitentiary was an option up to and including life imprisonment." Therefore, Jones's hopes of referral to the drug treatment program did not "prove to be false or ill founded"—just the opposite. Under defense counsel's correct advice, Jones hoped for and received consideration for enrollment in the 120–day program.

We recognize that defense counsel advised Jones of his eligibility for the 120–day program at a time when that advice was contrary to MDOC's interpretation. But, we are unwilling to conclude that defense counsel was ineffective in offering advice that was legally correct, especially when that advice was based upon his experience with similarly situated defendants, and was reaffirmed in the SAR report prepared for Jones.

Jones has failed to meet the first prong of Strickland. Because Jones was unable to prove that defense counsel failed to meet the performance prong of Strickland, we need not consider the prejudice prong. See Taylor, 382 S.W.3d at 81.

Because defense counsel correctly advised Jones that he was eligible for the 120–day program, Jones cannot prove that his defense counsel's performance fell below an objective standard of reasonableness. Therefore, the motion court did not clearly err in denying Jones's claim of ineffective assistance of counsel. Point denied.

## Conclusion

The judgment of the motion court denying Jones's Rule 24.035 motion is affirmed.

James M. Dowd, P.J., concurs.

Gary M. Gaertner, Jr., J., concurs.