KURT S. ODENWALD, Judge
Introduction
Kelvin Creighton ("Creighton") appeals from the motion court's denial of his Rule 24.035[1] motion for post-conviction relief. Creighton raises two points on appeal, both challenging the motion court's findings. Point One argues that the plea court improperly accepted his guilty plea without a factual basis. Because the State presented sufficient information to provide a factual basis for all charges against Creighton, and Creighton voluntarily admitted to all the facts against him, we find that the motion court did not err in finding that Creighton's plea was proper. Point Two maintains that plea counsel was ineffective for failing to explain accomplice liability to Creighton. Because the motion court found plea counsel's testimony credible-that plea counsel spoke with Creighton regarding accomplice liability-and because we defer to the motion court's credibility finding, we deny Point Two. We affirm the motion court's judgment.
*575 Factual and Procedural History
The State charged Creighton, as a prior offender, with one count of first-degree robbery, one count of first-degree burglary, and two counts of armed criminal action. The charges stemmed from allegations that Creighton and James Stampley ("Stampley") entered Victim's home uninvited, while Stampley was armed with a gun, and stole $532 in cash.
Creighton pleaded guilty to the charged offenses. During the plea hearing, Creighton told the plea court that he understood the charges and the corresponding ranges of punishment. Creighton also admitted that plea counsel had explained the charges and sentencing to him and that he had sufficient time to consult with plea counsel before the plea hearing. The plea court inquired about the evidence the State would present at trial.
The State offered the following factual allegations: Creighton and Stampley entered Victim's home, while Victim slept. Victim awoke to the sound of gunshots, exited her bedroom, and saw Creighton standing inside her front door. A short time later, Stampley climbed up the basement steps and confronted Victim. Victim recognized both men, and demanded to know what they were doing in her home. Victim had neither given them entrance, nor permission to remain in her home. Creighton and Stampley said they were trying to find a cell phone that belonged to Victim's grandson, who lived with Victim. At that time, Stampley lifted his sweatshirt from his waist, displaying a handgun in his waistband. Stampley grabbed Victim's purse off of her bedroom door, rifled through it, and snatched $532. Stampley and Creighton fled Victim's home together.
Following the State's recitation of the underlying facts, Creighton admitted that he was guilty of the charged crimes, and did not dispute any of the facts. The plea court accepted Creighton's pleas as voluntary and supported by the facts presented. Creighton proceeded to sentencing.
The sentencing court sentenced Creighton to thirteen years in prison for each count of first-degree burglary and first-degree robbery, and three years in prison for each count of armed criminal action. The sentencing court ran the sentences concurrently. The sentencing court subsequently inquired about Creighton's plea counsel. Creighton told the sentencing court that he did not have enough time to speak with plea counsel and plea counsel failed to conduct five depositions that Creighton requested. Further, Creighton testified that plea counsel told him there was "no point" in proceeding to trial. The sentencing court found no probable cause to believe that Creighton received ineffective assistance of counsel. Creighton moved for post-conviction relief pursuant to Rule 24.035.[2] The motion court conducted an evidentiary hearing.
At the evidentiary hearing, Creighton denied entering Victim's home and disputed knowing Stampley's intent to rob Victim using a gun. Further, Creighton stated that plea counsel never explained accomplice liability to him.
Plea counsel also testified at the evidentiary hearing. During the evidentiary hearing, plea counsel admitted that he did not recall a specific conversation where he explained accomplice liability to Creighton. However, plea counsel was certain that he advised Creighton of the accomplice liability elements and the importance of Creighton's actions for his defense. Plea counsel *576 recalled conversing with Creighton regarding the importance of Creighton's location during the incident, Creighton's knowledge of Stampley's intentions, and possession of the gun. Plea counsel recollected Creighton mentioning that he had not entered Victim's home, but instead, remained on the front porch as a lookout. Plea counsel remembered Creighton believing that Stampley entered Victim's home to retrieve Stampley's property from Victim's grandson.
The motion court found that Creighton admitted to entering Victim's residence, while she slept, without her permission. The motion court also noted Creighton's acknowledgment that Stampley displayed a gun and appropriated Victim's personal property before they both bolted from Victim's residence together. Thus, the motion court concluded that the State presented sufficient facts to support an inference that Creighton and Stampley entered Victim's residence for the purpose of stealing.
Regarding Creighton's claim that plea counsel was ineffective for failing to explain the concept of accomplice liability, the motion court found that plea counsel's testimony directly refuted the claim. Furthermore, the motion court concluded that Creighton was "not at all credible." The motion court denied Creighton's motion. Creighton appeals.
Points on Appeal
Creighton raises two points on appeal. Point One claims that the motion court clearly erred in denying Creighton's post-conviction relief motion because the facts to which he admitted during his plea hearing did not establish that he was guilty of the charged offenses, plea counsel did not so advise him, and the plea court accepted Creighton's plea without a factual basis. Point Two argues that plea counsel was ineffective for failing to explain accomplice liability to Creighton.
Standard of Review
We review post-conviction motions under Rule 24.035 for clear error. Rule 24.035(k); State v. Taylor, 929 S.W.2d 209, 224 (Mo. banc 1996). We will reverse the motion court's findings as clearly erroneous only if we are left with the definite and firm impression that a mistake was made. Taylor, 929 S.W.2d at 224. On review, the motion court's findings are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). Further, when the movant seeks post-conviction relief following a guilty plea, our review is limited to a determination of whether the guilty plea was knowing and voluntary. Rollins v. State, 974 S.W.2d 593, 595 (Mo. App. W.D. 1998). We defer to the motion court's credibility findings. Jones v. State, 516 S.W.3d 447, 450 (Mo. App. E.D. 2017) (internal citations omitted).
Discussion
Creighton's points on appeal are closely intertwined. Thus, we first discuss Creighton's allegations of ineffective assistance of counsel. We subsequently discuss whether the State presented a sufficient factual basis to support Creighton's guilty plea.
I. Strickland [3] Standard
Creighton claims that plea counsel was ineffective. Ineffective-assistance-of-counsel claims are controlled by the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The movant must satisfy both prongs of the Strickland standard. Taylor, 929 S.W.2d at 224. Ineffective assistance of counsel exists when *577 counsel fails to use the "customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and the failure to exercise such diligence is prejudicial." Id. (quoting State v. Harris, 870 S.W.2d 798, 814 (Mo. banc 1994) ). "Prejudice is proven by evidence showing a reasonable probability that, but for counsel's errors, the claimant would not have pled guilty." Rollins, 974 S.W.2d at 595. If the movant is unable to satisfy one of the Strickland-standard prongs, we need not address the other, Jones, 516 S.W.3d at 450 (quoting Taylor v. State, 382 S.W.3d 78, 81 (Mo. banc 2012) ).
Following a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997). Hence, the movant must show that counsel's inadequate representation rendered the plea involuntary, and if not for the counsel's incompetence, the movant would have insisted upon proceeding to trial. Jones, 516 S.W.3d at 450.
II. Ineffective-Assistance-of-Counsel Claims
Creighton contends that plea counsel was ineffective for failing to properly inform him about accomplice liability. However, plea counsel testified at the evidentiary hearing that, although he did not remember the specific conversation, he was positive that he and Creighton discussed accomplice liability. Specifically, plea counsel recalled Creighton insisting that he did not possess the gun, and that he was simply acting as a lookout during the incident. Plea counsel also remembered that he and Creighton discussed the importance of Creighton's position within the house for his defense.
The motion court found plea counsel's testimony credible and Creighton's testimony not credible. We defer to the motion court's credibility findings on appeal. Id. We note that, during the plea hearing, Creighton affirmatively stated that he was satisfied with his plea counsel's performance; it was not until after sentencing that Creighton raised any issues regarding plea counsel's performance. We find nothing in the record to indicate that plea counsel failed to discuss accomplice liability, nor that Creighton did not fully understand the nature of the charges against him when he pleaded guilty. The motion court did not clearly err in denying Creighton's claim that plea counsel was ineffective for failing to explain accomplice liability.
Creighton also maintains that plea counsel was ineffective for failing to advise Creighton that the State did not present sufficient information to prove each element of the charged crimes against him. However, Creighton's own admission at the plea hearing, that plea counsel adequately explained the charges and sentencing to him, directly refutes his contention. Additionally, the motion court found no merit in Creighton's contention and did not find his testimony credible. We again defer to the motion court's credibility finding. Id. Further, the record before us shows that Creighton understood all of the allegations against him. Plea counsel cannot be found ineffective because Creighton was unable to prove that plea counsel acted unreasonably. See id.; Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Creighton's ineffective-assistance-of-counsel allegations are denied.
III. Sufficient Factual Basis Challenge
Creighton also maintains that the facts to which he admitted at his guilty plea hearing do not support a charge of first-degree robbery or first-degree burglary. Specifically, Creighton alleges that *578 the State was unable to establish more than his mere presence at Victim's home, and failed to prove that Creighton exhibited the requisite mens rea for each of the charged crimes.
The motion court must ensure that the facts admitted during a guilty plea create a factual basis for each element of the charged offenses. Rule 24.02(e); Jones v. State, 758 S.W.2d 153, 154 (Mo. App. E.D. 1988). "A factual basis is established where the information or indictment clearly charges a defendant with all the elements of the crime, the nature of the charge is explained to the defendant and the defendant admits guilt." Sanford v. State, 331 S.W.3d 320, 322 (Mo. App. S.D. 2011) (quoting Martin v. State, 187 S.W.3d 335, 339 (Mo. App. E.D. 2006) ). "When an accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he plead guilty," Taylor, 929 S.W.2d at 217 (internal quotations omitted). The factual basis must exist on the record as a whole. Jackson v. State, 535 S.W.3d 347, 349 (Mo. App. E.D. 2016).
An accomplice is one who, before or during the commission of a crime, intentionally and knowingly aids or encourages another's crime. State v. Friend, 936 S.W.2d 824, 827 (Mo. App. S.D. 1996) ; Section 562.041.[4] Accomplices are criminally responsible for the perpetrator's offenses. Section 562.041.1(2). In order to be convicted as an accomplice, a defendant need not possess the intent to commit the underlying felony. State v. Forister, 823 S.W.2d 504, 507 (Mo, App. E.D. 1992) ("Criminal responsibility for the acts of another does not require a common intent other than the promotion of the commission of an offense."). A defendant, who embarks upon a course of criminal conduct with others, assumes responsibility for those crimes which he could reasonably anticipate would be part of that conduct. Id. at 508. The State need only prove that the defendant acted with the purpose to promote the conduct of the principal offender. Id. at 507.
To establish accomplice liability, the State must ascertain more than the presence of the person at or near the scene of an offense, at the time it was committed. See State v. Gonzalez-Gongora, 673 S.W.2d 811, 813 (Mo. App. S.D. 1984) (citing State v. Allen, 420 S.W.2d 330, 333 (Mo. 1967) ). The State must also demonstrate more than the mere combination of presence at the scene and flight therefrom. Id. at 813-14. However, "[a]ffirmative participation may be proved by circumstantial evidence, including presence at the scene of the crime, flight therefrom, and association with others involved before, during and after the commission of the crime." Friend, 936 S.W.2d at 827. Further, "[p]roof of any form of participation by defendant in the crime is enough to support a conviction and his presence at the scene, his championship and conduct before and after the offense, are circumstances from which one's participation in the crime may be inferred." Gonzalez-Gongora, 673 S.W.2d at 813.
A defendant may be found guilty of first-degree burglary if he or she knowingly enters or remains unlawfully in another person's residence "for the purpose of committing an offense therein," and, while in the building, the person "or another participant in the crime ... [i]s armed with explosives or a deadly weapon[.]" Section 569.160,1(1). "A person commits the crime of robbery in the first degree when he forcibly steals property and in the *579 course thereof he, or another participant in the crime ... [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument[.]" Section 569.020.1(4).
Creighton claims that he did not intend to rob, or commit any crime, and he was unware that Stampley intended to rob Victim. However, the record shows that Creighton embarked on a course of criminal conduct when he knowingly entered Victim's residence, at night, without her permission. See Forister, 823 S.W.2d at 508. Further, Creighton's plea was an admission to each and every fact alleged. See Milligan v. State, 772 S.W.2d 736, 739 (Mo. App. W.D. 1989). By his own admission, Creighton acknowledged his criminal responsibility for Stampley's conduct. See Sanford, 331 S.W.3d at 322. Thus, Creighton is responsible for all reasonably anticipated criminal conduct that occurred as part of entering Victim's home without her permission. See Forister, 823 S.W.2d at 508.
Creighton contends that he entered Victim's home to retrieve her grandson's phone. Contrary to this assertion, Creighton told plea counsel that he agreed to act as Stampley's lookout that night. Creighton and Stampley entered Victim's home at night. Victim heard gunshots, which awakened her to Creighton's and Stampley's presence in her residence. Victim identified Creighton and Stampley and told them that they did not have permission to be in her home. Evidence in the record supports a finding that Creighton knowingly entered Victim's residence without her permission. Section. 569.160.1.
Creighton stood guard as Stampley displayed a gun and stole from Victim's purse. Creighton then fled with Stampley. See Friend, 936 S.W.2d at 827 (the defendant's presence and flight contribute to proving accomplice liability). Even though there is little information of Creighton's intent to personally steal from Victim, there are ample factual assertions to prove that he intended to aid Stampley in his endeavors once Stampley had unlawfully entered Victim's residence. See Gonzalez-Gongora, 673 S.W.2d at 813 ; Forister, 823 S.W.2d at 507. Thus, the State presented sufficient factual allegations to support a finding that Creighton aided Stampley in his intent to steal from Victim while unlawfully entering her home. The elements of both first-degree robbery and first-degree burglary are satisfied through accomplice liability. See Sections 562.041, 569.020, 569.160. By entering a guilty plea and not disputing any of these facts, Creighton acknowledged Stampley's actions and acknowledged his criminal responsibility for those actions. See Milligan, 772 S.W.2d at 739 ; Sandford, 331 S.W.3d at 322. The State presented sufficient facts to support Creighton's guilty plea, more than Creighton's mere presence at Victim's home.
In sum, the indictment and the State's presentation at the plea hearing set forth all the essential elements of the charged crimes, the nature of those charges were explained to Creighton-which he indicated he understood and had discussed with plea counsel-and he pleaded guilty. A factual basis for each charge was established by the record as a whole, which directly refutes Creighton's claim in his post-conviction motion. Points One and Two are denied.
Conclusion
The judgment of the motion court is affirmed.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

All Rule references are to Mo. R. Crim. P. (2013).

Creighton's counsel filed an amended Rule 24.035 motion after the mandated deadline. However, the motion court granted Creighton's motion to declare Creighton abandoned by counsel. See Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991).

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

All Section references are to RSMo (2000).