

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108428 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable James E. Sullivan |
| DORYON MASON, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 20, 2020 |

## Introduction

Doryon Mason ("Mason") appeals from the trial court's judgment following a jury conviction for robbery in the first degree and armed criminal action. In his sole point on appeal, Mason challenges the sufficiency of the evidence for his conviction. Specifically, Mason argues the State failed to adduce sufficient evidence under accomplice liability of his intent to commit the underlying offense of first-degree robbery. The record shows that Mason went to the store together with the two other persons, stayed with the two other persons outside the store for some time prior to the offense, furnished the gun used to commit the offense at that location a short time later, and fled the scene in the vehicle stolen during the offense with the other two persons. From this evidence, a reasonable jury could find Mason acted with the purpose of promoting the underlying offense of first-degree robbery. Accordingly, we affirm the judgment of the trial court.

## Factual and Procedural History

The following evidence is presented in the light most favorable to the verdict at trial. See State v. Barnett, 595 S.W.3d 515, 522 (Mo. App. E.D. 2020). On the evening of May 19, 2018, Mason was standing outside of a convenience store with Antonio Ball ("Ball") and Jawaun Dowdy ("Dowdy"). Video surveillance showed Mason, Ball, and Dowdy had walked to the store together and waited outside the store for some time. Video surveillance showed Mason handing Ball a gun.

A short time later, a shopper ("Victim") arrived at the store. After making a purchase, Victim left the store and was walking toward her car when she noticed Mason, Ball, and Dowdy near her car. Ball approached Victim while holding a gun in his hand. Ball pointed the gun at Victim and said, "B - - - - , give me your keys." Victim gave Ball the keys to her vehicle. Mason, Ball, and Dowdy got into Victim's car and drove away. Victim returned to the store, and the police were called.

After the police identified and arrested Mason, the State charged Mason, under accomplice liability, with one count of robbery in the first degree and one count of armed criminal action. At trial and during the police investigation, Mason did not dispute his presence at the scene of the incident. Mason admitted he had the gun at the scene when police showed him the video surveillance of him giving the gun to Ball. Mason said he had the gun for his own protection.

The jury found Mason guilty on both counts. The sentencing court sentenced Mason to concurrent terms of thirteen years in prison for each count. Mason now appeals.

## Point on Appeal

In his sole point on appeal, Mason argues insufficient evidence supported his conviction on first-degree robbery. More specifically, Mason maintains the State failed to prove he

2

possessed the requisite intent to commit the offense because merely giving the gun to Ball did not show Mason acted with the purpose to promote or further the underlying offense of first-degree robbery.

## Standard of Review

We review challenges to the sufficiency of the evidence to determine if the State presented sufficient evidence from which a reasonable juror could have found beyond a reasonable doubt that the defendant committed the charged offense. State v. Stewart, 560 S.W.3d 531, 533 (Mo. banc 2018) (internal citation omitted). "In assessing the sufficiency of the evidence, [we] must view all evidence in the light most favorable to the jury's verdict and accept as true any reasonable inferences from this evidence, disregarding evidence and inferences to the contrary." Barnett, 595 S.W.3d at 522 (citing State v. Bateman, 318 S.W.3d 681, 687 (Mo. banc 2010)). We do not reweigh the evidence on appeal nor act as a super juror, but instead defer to the jury's factual findings, as the jury is free to believe all, some, or none of the testimony. State v. Freeman, 269 S.W.3d 422, 425 (Mo. banc 2008) (internal citation omitted); State v. Dixson, 546 S.W.3d 615, 619 (Mo. App. E.D. 2018) (citing State v. Nash, 339 S.W.3d 500, 509 (Mo. banc 2011)). However, "we will not supply missing evidence, nor give the State the benefit of unreasonable, speculative or forced inferences." Dixson, 546 S.W.3d at 619 (internal citation omitted).

## Discussion

The Supreme Court of Missouri considered the sufficiency-of-the-evidence standard for accomplice liability in Booker v. State, 552 S.W.3d 522 (Mo. banc 2018). Booker noted that Missouri does not legally distinguish criminal liability between principals and accessories. 552 S.W.3d at 529. Rather, a person is criminally responsible for the conduct of another when

3

"[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." Id. (quoting Section 562.041.1(2)[1]). Importantly, in order to secure a conviction under accomplice liability, the State must prove the defendant had "the culpable mental state to have acted with the purpose of promoting the particular underlying offense." Id. at 530 (internal citations omitted).

Here, in order to convict Mason, the State had to prove Mason shared the intent to commit the particular underlying offense of first-degree robbery. See id. Mason argues his mere presence at the scene and fleeing from the incident did not sufficiently prove his intent to act with the purpose to further the commission of the first-degree robbery. In particular, Mason reasons the State cannot prove his intent to commit first-degree robbery under accomplice liability because Mason did not use the gun to rob Victim and giving the gun to Ball does not evidence Mason's knowledge that Ball would use the gun to rob Victim.

In determining whether sufficient facts supported the jury's finding that a defendant possessed the requisite intent to commit the offense, such intent "may be based upon circumstantial evidence or inferred from surrounding facts such as the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." Id. at 530 (quoting State v. Osborn, 504 S.W.3d 865, 876 (Mo. App. W.D. 2016)). Evidence demonstrating that the defendant acted with the purpose to promote the underlying offense includes: "[a]ssociating with those [who] committed the crime before, during, or after its occurrence, acting as part of a show of force in the commission of the crime, attempting flight from the crime scene, or failing to assist the victim or seek medical help[.]" Id. (internal citation

---

[1] All Section references are to RSMo (2016).

omitted) (second alteration in original) (finding that the defendant's presence throughout the incident then fleeing the scene showed the defendant acted with his co-defendants, taking a substantial step towards the commission of first-degree assault). The State must prove more than one of these factors to secure a conviction, as mere presence or flight alone is insufficient as a matter of law to draw a reasonable inference that a defendant participated in an offense. Dixson, 546 S.W.3d at 620.

The particular underlying offense in this case is robbery in the first degree. Robbery in the first degree is defined in Section 570.023 as the following:

> 1. A person commits the offense of robbery in the first degree if he or she forcibly steals property and in the course thereof he or she, or another participant in the offense:
> (1) Causes serious physical injury to any person; or
> (2) Is armed with a deadly weapon; or
> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument; or
> (5) Steals any controlled substance from a pharmacy.

Section 570.023.1. To prove the elements of first-degree robbery, the State must demonstrate that the defendant forcibly stole property and, in the course thereof, he or another actor displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument, such as a gun. Id.; see Creighton v. State, 550 S.W.3d 572, 579 (Mo. App. E.D. 2018) (finding sufficient evidence supported the defendant's convictions on robbery and burglary in the first degree, despite the defendant's claim that he did not intend to rob the victim or know that his companion intended to rob the victim, where the defendant knowingly entered the victim's home at night without her permission, stood guard as his companion displayed a gun and stole from the victim, and admitted to criminal liability by pleading guilty).

5

On appeal, Mason does not dispute that the gun he furnished to Ball was used to commit the robbery; rather, Mason posits the record lacks sufficient evidence that Mason had a prior relationship with Ball and Dowdy—other than the fact that they were hanging around together outside the store prior to the robbery. Mason also suggests that because Victim did not arrive at the store until after Mason gave Ball the gun, Mason could not have intended for Ball to specifically rob Victim using the gun. Mason's arguments are unavailing and ignore not only the standard for accomplice liability set forth in Booker, but our standard of review, which grants all reasonable inferences supporting the conviction to the State, ignores all contrary inferences, and defers to the jury's factual findings. See Booker, 552 S.W.3d at 530; Freeman, 269 S.W.3d at 425; Barnett, 595 S.W.3d at 522 (internal citation omitted); Dixson, 546 S.W.3d at 619 (citing Nash, 339 S.W.3d at 509).

To establish Mason's accomplice liability for robbery in the first degree, the State was not required to prove that Mason pointed the gun at Victim. The State was required to prove only that Mason acted with the purpose to promote or further the commission of the armed robbery. See Booker, 552 S.W.3d at 530; Dixson, 546 S.W.3d at 620. Although Mason asserts the State lacked evidence proving he knew Ball was going to use the gun to commit a robbery, a jury could reasonably infer that Mason gave Ball the gun for that specific purpose. See Booker, 552 S.W.3d at 530; Barnett, 595 S.W.3d at 522; Dixson, 546 S.W.3d at 619 (citing Nash, 339 S.W.3d at 509). The fact that the armed robbery occurred a short time after Mason gave Ball the gun at the same location where Mason gave Ball the gun unquestionably supports a reasonable inference that Mason gave Ball the gun for the express purpose of committing a robbery. See Booker, 552 S.W.3d at 530; Creighton, 550 S.W.3d at 579. Mason's appeal fails because the State's evidence as to Mason's intent to commit first-degree robbery under accomplice liability

6

is not dependent on one singular factor, but is sufficiently predicated upon a combination of factors, including Mason's presence at the scene, Mason's engagement with the other offenders a short time prior to the robbery, Mason's providing Ball the gun used to rob Victim, and Mason's flight from the scene with the other offenders in Victim's stolen vehicle. See Booker, 552 S.W.3d at 530; Creighton, 550 S.W.3d at 579. Under the standard clearly enunciated in Booker, the State met its burden to adduce sufficient evidence proving Mason acted with the purpose to promote or further the underlying offense of first-degree robbery to sustain his conviction. See Booker, 552 S.W.3d at 529–30; Stewart, 560 S.W.3d at 533 (internal citation omitted). The point is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

7